IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 24-1202 T
(Judge Robin M. Meriweather)

R.I. EAR, NOSE AND THROAT PHYSICIANS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____

**ANSWER TO COMPLAINT**

_____

Defendant, the United States, through its attorneys, files this Answer to plaintiff's ("RIENT") complaint. *See* Dkt. 12. Defendant respectfully denies all allegations that are not expressly admitted below.

Defendant further:

1.      States that ¶ 1 is plaintiff's characterization of its legal action, to which no response is required. To the extent a response is required, defendant admits this is a refund suit in which RIENT is the plaintiff and the United States is the defendant but denies that any of the cited authorities entitle RIENT to a refund or attorney's fees.

2.      Admits the allegations in ¶ 2.

3.      Admits the allegations in the first sentence of ¶ 3. States that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 3.

4.      Admits the allegations in ¶ 4.

5.       States that ¶ 5 consists of legal argument to which no response is required.  States that jurisdiction, to the extent it exists, would be granted through 28 U.S.C. § 1491(a)(1).

6.       States that ¶ 6 consists of legal argument to which no response is required.

7.       States that ¶ 7 consists of legal argument to which no response is required. To the extent a response is required, defendant states that the IRS files contain plaintiff's: Form 941-X for the second quarter of 2020, postmarked November 14, 2023; Form 941-X for the third quarter of 2020, postmarked November 14, 2023; Form 941-X for the fourth quarter of 2020, postmarked November 14, 2023; Form 941-X for the first quarter of 2021, postmarked November 16, 2023; Form 91-X for the second quarter of 2021, which contains no postmark date but which was stamped received on November 20, 2023; and Form 941-X for the third quarter of 2023, postmarked November 16, 2023.

8.       Admits the allegations in ¶ 8.

9-12.   States that it presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 9-12.

13.      States that, to the extent ¶ 13 is alleging that RIENT "was forced to stop seeing patients" per the relevant provisions of the 2020 Coronavirus Aid, Relief and Economic Security Act, as modified by the 2020 Taxpayer Certainty and Disaster Tax Relief Act and the 2021 American Rescue Plan Act (collectively, "CARES"), this is legal argument to which no response is required. States that, to the extent ¶ 13 is considered to contain factual allegations, defendant presently lacks knowledge or information sufficient to form a belief as to their truth.

14.      States that, to the extent ¶ 14 is alleging that RIENT operations were "partially suspended" per the relevant CARES provisions, this is legal argument to which no response is

required. States that, to the extent ¶ 14 is considered to contain factual allegations, defendant presently lacks knowledge or information sufficient to form a belief as to their truth.

15.     States that it presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15.

16.     States that, to the extent "qualifying wages" means payments qualifying for the employee retention credit ("ERC") under the relevant CARES provisions, the allegations in ¶ 16 consist of legal argument to which no response is required. States that, to the extent ¶ 16 is considered to contain factual allegations, defendant presently lacks knowledge or information sufficient to form a belief as to their truth.

17.     States that, to the extent "qualified healthcare expenses" means payments qualifying for the employee retention credit under the relevant CARES provisions, the allegations in ¶ 17 consist of legal argument to which no response is required. States that, to the extent ¶ 17 is considered to contain factual allegations, defendant presently lacks knowledge or information sufficient to form a belief as to their truth.

18.     States that, to the extent ¶ 18 is alleging that "RIENT and HCRI experienced a significant decline in gross receipts" per the relevant CARES provisions, this is legal argument to which no response is required. States that, to the extent ¶ 18 is considered to contain factual allegations, defendant presently lacks knowledge or information sufficient to form a belief as to their truth.

19.     States that ¶ 19 and its footnote consist of legal argument to which no response is required.

20.     States that, to the extent ¶ 20 is alleging that RIENT operations were "suspended or partially suspended" per the relevant CARES provisions, this is a legal argument to which no

response is required. States that, to the extent ¶ 20 is considered to contain factual allegations, defendant presently lacks knowledge or information sufficient to form a belief as to their truth.

21.     States that ¶ 21 consists of legal argument to which no response is required.

22.     Admits that plaintiff paid the amounts due for the relevant employment quarters. States that the allegation that tax forms were "timely filed" is a legal conclusion to which no response is required. States that the IRS files contain undated e-filed Forms 941 for the employment quarters at issue and that the IRS tax transcripts reflect the payments reported on those Forms 941.

23.     States that the allegation that tax forms were "timely [ ] filed" is a legal conclusion to which no response is required. States that the IRS files contain undated e-filed Forms 941 for the employment quarters at issue and that the IRS tax transcripts reflect the payments reported on those Forms 941.

24.     Admits that plaintiff paid the amounts due for the relevant employment quarters. States that the IRS files contain undated e-filed Forms 941 for the employment quarters at issue and that the IRS tax transcripts reflect the payments reported on those Forms 941. States that defendant presently lacks knowledge or information sufficient to form a belief as to the remaining allegations in ¶ 24.

25.     Admits that RIENT "did not claim the employee retention credit on its original Forms 941." States that the allegation that this resulted in "overreported tax amounts" for the relevant tax quarters is a legal argument to which no response is required.

26.     States that the allegation that tax forms were "timely filed" is a legal argument to which no response is required. States that the IRS files contain plaintiff's Forms 941-X for the second, third and fourth quarters of 2020, all postmarked November 14, 2023, and all stamped

received by the IRS at Florence, KY by November 17, 2023. States that defendant currently has no reason to believe that the documents attached to the complaint as "Exhibits A through C" are not true and correct copies.

27.    States that the allegation that tax forms were "timely filed" is a legal argument to which no response is required. States that the IRS files contain: plaintiff's Form 941-X for the first quarter of 2021, postmarked November 16, 2023 and stamped received by the IRS at Florence, KY on November 20, 2023; Form 941-X for the second quarter of 2021, which contains no postmark but was stamped received by the IRS at Florence, KY on November 20, 2023; and Form 941-X for the third quarter of 2023, postmarked November 16, 2023 and stamped received by the IRS at Florence, KY on November 20, 2023. States that defendant currently has no reason to believe that the documents attached to the complaint as "Exhibits D through F" are not true and correct copies.

28.    Admits the amounts in the table in ¶ 28 are the amounts claimed in plaintiff's Forms 941-X for the corresponding employment quarters.

29.    Admits the allegations in ¶ 29.

30.    Admits that the IRS announced an ERC processing moratorium through news release 2023-169 on September 14, 2023. States that no response is required to plaintiff's characterization of the announcement as the document speaks for itself.

31.    Admits that the IRS announced, *inter alia*, continuation of the moratorium as to pre-September 14, 2023 ERC claims through news release 2024-169 on June 20, 2024. States that no response is required to plaintiff's characterization of the announcement as the document speaks for itself.

32-41.  States that ¶¶ 32-41 consist of legal argument to which no response is required.

42.     States that defendant hereby incorporates its responses to ¶¶ 1-41 above.

43.     Denies the allegations in ¶ 43.

44.     States that ¶ 44 consists of legal argument to which no response is required.

45.     States that ¶ 45 consists of legal argument to which no response is required.

46.     States that the allegation that tax forms were "timely filed" is a legal argument to which no response is required. States that the IRS files contain plaintiff's Forms 941-X for the second, third and fourth quarters of 2020, all postmarked November 14, 2023, and all stamped received by the IRS at Florence, KY by November 17, 2023.

47.     States that the allegation that tax forms were "timely filed" is a legal argument to which no response is required. States that the IRS files contain: plaintiff's Form 941-X for the first quarter of 2021, postmarked November 16, 2023 and stamped received by the IRS at Florence, KY on November 20, 2023; Form 941-X for the second quarter of 2021, which contains no postmark but was stamped received by the IRS at Florence, KY on November 20, 2023; and Form 941-X for the third quarter of 2023, postmarked November 16, 2023 and stamped received by the IRS at Florence, KY on November 20, 2023.

48.     Admits the amounts in the table in ¶ 48 are the amounts claimed in plaintiff's Forms 941-X for the corresponding employment quarters.

49.     States that defendant currently has no reason to believe that the documents attached to the complaint are not true and correct copies of plaintiff's Forms 941-X for the employment quarters at issue. States that the attachments are "pursuant to RCFC 9(m)(2)(A)" is legal argument to which no response is required.

50.     Admits the IRS has not responded to plaintiff's refund claims.

51.     States that defendant hereby incorporates its responses to ¶¶ 1-50 above.

52.     Denies the allegations in ¶ 52.

53.     States that ¶ 53 consists of legal argument to which no response is required.

54.     States that ¶ 54 consists of legal argument to which no response is required.

55.     States that defendant hereby incorporates its responses to ¶¶ 1-54 above.

56.     Denies the allegations in ¶ 56.

57.     Admits the IRS has not responded to plaintiff's refund claims. Admits the IRS announced an ERC processing moratorium through news release 2023-169 on September 14, 2023, and a continuation of that moratorium as to pre-September 14, 2023 ERC claims through news release 2024-169 on June 20, 2024. States that no response is required to plaintiff's characterization of the IRS's "public[]" announcements as they speak for themselves.

58.     States that ¶ 58 consists of legal argument to which no response is required.

59.     Denies the allegations in ¶ 59.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant and against plaintiff on plaintiff's claims for refund of federal income tax, interest, fees and costs, for the employment quarters at issue, with costs assessed against plaintiff.

Dated: October 4, 2024                        _/s/Alex Schulman_____
                                              ALEX SCHULMAN
                                              Trial Attorney
                                              U.S. Department of Justice
                                              Tax Division
                                              Court of Federal Claims Section
                                              Tel: (202) 514-0456
                                              Fax: (202) 514-9440
                                              Alexander.Schulman@usdoj.gov

                                              DAVID A. HUBBERT
                                              Deputy Assistant Attorney General
                                              DAVID I. PINCUS
                                              Chief, Court of Federal Claims Section
                                              G. ROBSON STEWART
                                              Assistant Chief, Court of Federal Claims Section

                                              s/ _G. Robson Stewart_
                                              Of Counsel

                                              Attorneys for Defendant